PER CURIAM.
This is an appeal from a summary final judgment entered for the defendants in an action brought by a junior mortgagee to redeem certain property after foreclosure of the senior mortgage and a judicial sale of the premises. The trial judge held upon the basis of the pleadings, depositions on file, interrogatories and affidavits that:
* * * * * *
“1. Plaintiff knowingly participated in the original foreclosure action wherein Co-Defendant, EQUITY CAPITAL CO., a Minnesota corporation foreclosed its senior mortgage on this and other 'properties owned by Co-Defendant, 601 W. 26TH CORP., a New York corporation; Plaintiff therefore has not come into equity with clean hands.
“2. Plaintiff has not come into equity seeking to obtain true equity between the parties nor offering to do equity; Plaintiff’s avowed object is to obtain, as admitted by his counsel, the fee ownership of property worth well in excess of $1,-000,000.00 through foreclosure of a lien in the approximate sum of $20,000.00, which said $20,000.00 has heretofore been *252 tendered in the Court registry by these Defendants for the express purpose of paying the full and complete debt owed to Plaintiff and as secured by Plaintiff’s junior mortgage.
“3. Plaintiff had a right, as of June, 1959, to demand payment of his said note, in the principal sum of $7,500.00; however, this action was not brought until August 28, 1968, at a time when substantial improvements had been made by Co-Defendants, EDMAL REALTY CORPORATION, INC., a Florida corporation, and HAROLD J. SEGAL, who purchased the property from the Grantee at the foreclosure sale; under these and other facts reflected of record herein, Plaintiff is clearly guilty of laches, waiver and/or estoppel.
“4. Since Plaintiff’s original debt together with accrued interest has been fully paid by way of the deposit aforesaid into the Court registry, and because the only purpose of a mortgage is to collateralize or secure the repayment of a loan or indebtedness, with the property standing as security only for such repayment, there would be no equity in allowing Plaintiff to capture the fee ownership of the collateral when payment of his claim is already secured to him as above described.”

Appellant has presented two points. The first is that a junior mortgagee has an absolute. right to redeem from the lien of a senior mortgage. The second is that a junior mortgagee does not forfeit his right to redeem where he has knowledge of a senior mortgage foreclosure and he fails to intervene. We think that neither of these points presents reversible error on this appeal because the trial judge entered the judgment upon the finding that the appellant as plaintiff came into the court with unclean hands and that because of this fact he should be denied the equitable relief for which he prayed. Faber v. Landman, Fla.App.1960, 123 So.2d 405. The court did then proceed in its final judgment to do equity by providing for the payment of appellant’s mortgage.
Finding that appellant has failed to demonstrate error in the court’s determination that all of the facts before the court together with the reasonable inferences therefrom established the defense of unclean hands without genuine issue, we therefore affirm the judgment entered.
Affirmed.